UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTINA H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-5888-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred by failing to find her anxiety severe at step two and by misevaluating the medical opinion evidence, the lay witness testimony, and her testimony. Dkt. 11 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently 61 years old, has a GED, and has worked as a cashier. Tr. 25. On August 9, 2024, she applied for benefits, alleging disability as of February 6, 2023. Tr. 17. She was last insured on December 31, 2022. *Id.* Plaintiff subsequently amended her onset date to October 9, 2020. *Id.* Her applications were denied initially and on reconsideration. Tr. 68, 73. The ALJ conducted a hearing on June 4, 2025, finding Plaintiff not disabled. Tr. 31-67. As the

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-3.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since October 9, 2020.

**Step two:**  Plaintiff has the following severe impairments: lupus, osteoarthritis, degenerative disc disease, and degenerative joint disease of left knee.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work as defined in 20 C.F.R. § 404.1567(b) except she can never climb ladders, ropes, or scaffolds; occasionally kneel, crouch, and crawl; frequently handle, finger, and reach bilaterally; tolerate occasional exposure to workplace hazards such as working in high, exposed places or in proximity to moving mechanical parts.

**Step four:**  As Plaintiff can perform her past work as a Cashier II, she is not disabled.

Tr. 19-21, 25.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

**1. Medical Opinion Evidence**

Plaintiff argues the ALJ erroneously rejected the opinion of Dr. Annie Cygnar, her primary care provider. Dkt. 11 at 2. The ALJ must consider the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2), (c). The ALJ must explain how he considered supportability and consistency but need not explain how he considered the other factors. *Id.* An ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi,* 32 F.4th 785, 792 (9th Cir. 2022).

Dr. Cygnar wrote a letter in April 2025 detailing Plaintiff's limitations "with the caveat that these are essentially patient reported and not physical therapy office demonstrated." Tr. 858. The doctor stated Plaintiff reported an inability to stand for more than an hour or sit for more than 30 minutes; occasionally lift up to ten pounds but never lift 11-100 pounds; operate foot controls occasionally; cannot reach overhead easily; occasionally push, pull, and handle; and frequently feel and finger. *Id.* Dr. Cygnar opined Plaintiff should avoid extremes of heat, cold, and/or humidity and should limit exposure to moving parts, dusts/odors, vibration, or loud noise. Tr. 859. She also noted Plaintiff takes multiple medications that do not lend toward safe operation of heavy machinery and can be sedating as a side effect. *Id.*

The ALJ discounted Dr. Cygnar's opinion finding it not well supported and inconsistent with Plaintiff's treatment records. Tr. 24-25. Plaintiff concedes the exertional limitations were self-reported but argues the ALJ erred in discounting Dr. Cygnar's opinion Plaintiff cannot tolerate a commute, repeated activities, or the stress of a fixed schedule. Dkt. 11 at 3 (citing Tr.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

869).[3] The Commissioner contends the ALJ was not required to articulate how he considered each medical opinion from one medical source individually and that the ALJ could reasonably infer that these limitations were also based on Plaintiff's self-report. Dkt. 13 at 13 (citing 20 C.F.R. § 404.1520c(c)(1)).

An ALJ need not discuss all evidence presented to him, but he must explain why "significant probative evidence has been rejected." *Vincent v. Heckler,* 739 F.2d 1393, 1395 (9th Cir. 1984); *see also Flores v. Shalala,* 49 F.3d 562, 571 (9th Cir. 1995) ("the ALJ's written decision must state reasons for disregarding [such] evidence"). Dr. Cygnar is Plaintiff's treating physician, and her opinion Plaintiff cannot tolerate a commute, repeated activities, or the stress of a fixed schedule is relevant evidence bearing on the disability analysis. Thus, such evidence was significant and probative, and the ALJ was required to explain why he rejected it. *Vincent,* 739 F.2d at 1395; *Parker v. Barnhart,* 67 F. App'x 495, 497 (9th Cir. 2003) (finding the views of claimant's treating physicians to be "undeniably significant probative evidence"); *Kilpatrick v. Kijakazi,* 35 F.4th 1187, 1193 (9th Cir. 2022) ("To engage in meaningful review of a disability claim, an ALJ may not ignore significant probative evidence that bears on the disability analysis.").

The ALJ's rationale for rejecting the other limitations opined by Dr. Cygnar does not apply to these non-exertional limitations. First, the ALJ's supportability finding is inapplicable as these limitations were based on the effects of Plaintiff's medication, and not simply on self-reported abilities. *See* Tr. 859 ("She takes multiple medications which do not lend toward safe operation of heavy machinery and which can be sedating as a side effect"); 869 ("She has NOT

---

[3] This comment was made not in Dr. Cygnar's letter but in the treatment notes from the visit associated with the letter. Tr. 869.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

worked in several years and is opiate and benzodiazepine dependent in the time I've known her, so I agree is unlikely to be able to meaningfully work again re: safety operation of any equipment/commute, tolerance of repeated activities, or stress of fixed schedule.").

Nor is the evidence cited by the ALJ clearly inconsistent with these limitations. The ALJ rejected Dr. Cygnar's opinion as inconsistent with the treatment records during the relevant period showing generally normal physical examinations despite limited lumbar range of motion, MCP/PIP tenderness, and only mild swelling of the left knee. Tr. 25. The ALJ also noted a lack of imaging despite multiple orders from providers and negative lupus testing. *Id.* Such evidence is not probative of Plaintiff's ability to operate machinery, tolerate a commute or repeated activities, and handle the stress of a fixed schedule.

The Court accordingly concludes the ALJ harmfully erred in failing to address Dr. Cygnar's non-exertional limitations and must reassess these limits on remand.

**2. Step Two**

Plaintiff argues the ALJ failed to properly evaluate the severity of her mental impairments at step two and consequently failed to consider the impact of such impairments in determining RFC. Dkt. 11 at 5-8. Step two is a threshold determination meant to screen out weak claims and is not meant to identify the impairments that should be assessed when determining the RFC. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

The ALJ did not err in finding Plaintiff's anxiety disorder not severe at step two. Even assuming this determination is erroneous, the error is harmless because the ALJ decided step two in Plaintiff's favor, finding she had four severe impairments. Tr. 20; *Buck*, 869 F.3d at 1049. But the ALJ was still required to consider Plaintiff's anxiety in determining RFC because the ALJ must consider limitations imposed by all of an individual's impairments. *See* 20 C.F.R. §

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

404.1545(a)(2). Thus, the RFC "should be exactly the same regardless of whether certain impairments are considered "severe" or not." *Buck*, 869 F.3d at 1049.

However, the ALJ need not include an impairment in the RFC, if the impairment does not cause a significant limitation in the claimant's ability to work. *Burch v. Barnhart,* 400 F.3d 676, 684 (9th Cir. 2005) (affirming ALJ's decision not to include non-severe impairment in RFC determination where there was no evidence the impairment caused any functional limitations). Here, the ALJ found Plaintiff had no limitations in any of the four paragraph B areas, noting Plaintiff received no specialized mental health treatment and presented normally at medical visits. Tr. 20. Having found no limitations at step two, the ALJ reasonably omitted any such limitations from the RFC at step four.

Although Plaintiff points to evidence she was diagnosed with and treated for anxiety, she does not identify any functional limitations stemming from this diagnosis that the ALJ failed to consider. *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 692 (9th Cir. 2009) (finding the court must reject any invitation to find the ALJ failed to account for a claimant's impairment in an unspecified way). Nor has Plaintiff explained how incorporating any additional limitations based on her anxiety would have resulted in a different outcome. In fact, when the ALJ posed a hypothetical to the VE that included a limitation to understanding, remembering, and carrying out simple instructions, the VE testified that past work would still remain. Tr. 62. Thus, to the extent such limitations should have been included in the RFC, their omission was harmless. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless when it does not affect the ultimate non-disability determination).

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

### 3. Lay Testimony

Plaintiff's husband provided a statement in support of Plaintiff's disability claim. *See* Tr. 289. The ALJ stated he considered this statement, but "consistent with the provisions of 20 C.F.R. 404.1520c, the undersigned will not address the persuasiveness of these statements." Tr. 25. Plaintiff argues the ALJ was required to provide germane reasons for discounting her husband's statement because Ninth Circuit precedent requiring germane reasons has not been overturned, and the new regulations are not clearly irreconcilable with such a requirement. Dkt. 11 at 9-10. The Commissioner contends the revised regulations no longer require the ALJ to give any reasons for discounting lay witness evidence. Dkt. 13 at 15-18.

For cases filed after March 27, 2017, the ALJ is not required to discuss lay witness statements using the same framework required for discussing medical opinions. 20 C.F.R. § 404.1520c(d). The Ninth Circuit has not yet clarified whether an ALJ must still provide germane reasons for rejecting lay evidence under the revised regulations. *See, e.g.*, *Apple v. Bisignano,* 2025 WL 1525314, at *3 (9th Cir. May 29, 2025). But the ALJ is required to determine RFC based upon all relevant evidence of record, including observations made by nonmedical sources. *See, e.g.*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(3). "That an ALJ can disregard or reject relevant lay evidence for no reason is inconsistent with the Commissioner's obligation to consider such evidence, and the rule the ALJ must provide some rationale in order for the Court to meaningfully determine whether the ALJ's conclusions are free of legal error and supported by substantial evidence." *Gary J.D. v. Comm'r of Soc. Sec.,* 2023 WL 5346621, at *14 (W.D. Wash. Aug. 21, 2023) (citing *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001)).

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

As the ALJ failed to provide any reasons for discounting the statement from Plaintiff's husband, the ALJ erred. On remand, the ALJ is directed to consider the lay witness evidence and, if the lay witness evidence is discounted, the ALJ must articulate germane reasons for doing so.

**4. Plaintiff's Testimony**

Plaintiff argues the ALJ failed to provide clear and convincing reasons for rejecting her symptom testimony. Dkt. 11 at 11. The ALJ did not find malingering and was thus required to provide clear and convincing reasons to reject Plaintiff's testimony. *Smolen v. Chater,* 80 F.3d 1273, 1283-84 (9th Cir. 1996). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify which testimony the ALJ found not credible and explain which evidence contradicted that testimony).

Plaintiff testified she suffers from chronic pain and fatigue, uncontrollable body tremors, mouth sores, and migraines. Tr. 46-47, 54-55. She takes pain medication that makes her groggy and rates her pain as 6-7/10 with medication. Tr. 52, 54. She relies on her husband to do all the grocery shopping and cooking, and most of the cleaning. Tr. 51. Plaintiff stated she can do laundry, and they have a housekeeper that comes every two weeks to handle heavier cleaning. She testified she is exhausted 24/7 and spends 80% of the day sleeping but has difficulty sleeping at night due to back pain. Tr. 48, 50, 58. Plaintiff stated she has trouble walking long distances, balancing, reaching overhead, lifting her feet while walking, sitting for longer than 15 minutes, and alternating between sitting and standing. Tr. 47, 52-53, 57-58. She has experienced debilitating migraines for 20 years and must stay in a dark room without lights or TV when they

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

occur. Tr. 54-55. She does not know the source of her tremors, but the tremors are so bad she cannot type, sign her name, reach overhead, or prepare meals. Tr. 49, 57-58, 223. The ALJ found numerous inconsistencies undermined Plaintiff's testimony. Tr. 24.

First, despite Plaintiff's allegations of uncontrollable tremors, tremors were not observed upon examination and Plaintiff never followed through with the neurology consultation ordered by her rheumatologist. Tr. 24. Plaintiff argues her tremors are repeatedly referenced in her records, citing two rheumatology visits in November 2020 and April 2021. Dkt. 11 at 12-13 (citing Tr. 356, 357, 362, 419, 420, 425). Although Plaintiff reported tremors at these visits, there is no indication the rheumatologist observed any tremors. Nor were tremors observed or reported at any other point in the record. Considering the severity of Plaintiff's allegations, it was reasonable for the ALJ to expect providers to have observed Plaintiff's tremors. *Shaughnessy v Kijakazi*, 2022 WL 4093740, at *2 (9th Cir. Sept 7, 2022) (" Had Shaughnessy's symptoms been so severe…it was reasonable for the ALJ to expect those symptoms to be documented in the record."). Plaintiff does not address her failure to follow through with the neurology consultation. "In assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina*, 674 F.3d at 1113. The ALJ reasonably found this evidence inconsistent with Plaintiff's allegations of uncontrollable tremors.

Next, the ALJ noted Plaintiff never mentioned headaches or migraines to her providers, despite testifying she experienced debilitating migraines. Tr. 24. The failure to report symptoms to medical providers is a clear and convincing reason to discredit testimony regarding those alleged symptoms. *Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir. 2006). Plaintiff argues the record shows she was prescribed sumatriptan for her migraines. Dkt. 11 at 12 (citing Tr. 307,

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9

422, 436, 488, 546, 582, 702, 737). Plaintiff cites historic medication lists which indicate she was prescribed sumatriptan at some point for migraines, but the record is devoid of any requests for refills or follow-up visits for migraine treatment. A previous prescription for sumatriptan does not undermine the ALJ's findings Plaintiff did not report migraines to her providers during the relevant period. Accordingly, this was a clear and convincing reason to discount Plaintiff's testimony about her migraines.

Finally, the ALJ found Plaintiff's allegations of disabling pain and fatigue inconsistent with her infrequent rheumatology visits. Tr. 24 (citing Tr. 424, 582). Plaintiff saw her rheumatologist in November 2020, at which time it was noted she had been lost to follow-up since March 2019. Tr. 419. She returned to her rheumatologist in April 2021 and was instructed to follow up in two to three months. Tr. 362. Plaintiff did not return to her rheumatologist until November 2022, 18 months later. Tr. 579. At this visit, she was instructed to follow up in six months, but did not return until October 2024, nearly two years later. Tr. 588, 678. An ALJ may properly discount a claimant's statements if the level or frequency of treatment is inconsistent with the degree of complaints. *See* SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017); *Hill v. Comm'r of Soc. Sec. Admin.,* 289 F. App'x 217, 219 (9th Cir. 2008). The ALJ's finding Plaintiff's infrequent rheumatology visits suggest her condition is not disabling is thus supported by substantial evidence.

The ALJ also suggested Plaintiff's pain was not disabling because she regularly attends her pain management appointments. Tr. 24. This finding is not supported by substantial evidence. Regular appointments to obtain pain medication tend to support rather than undermine Plaintiff's allegations of pain. *See* SSR 16-3p, 2017 WL 5180304, at *9 ("Persistent attempts to

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 10

obtain relief of symptoms…may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent.").

The ALJ also noted physical exams were largely unremarkable; the record lacked imaging during the relevant period despite providers ordering x-rays multiple times; lab work, including a lupus panel, was negative; and Plaintiff experienced symptom improvement with treatment. Tr. 24. Plaintiff failed to challenge these reasons in her briefing and thus any challenge to the ALJ's findings is waived. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Nonetheless, the Court finds these reasons to be supported by substantial evidence. A claimant's failure to follow treatment recommendations is a clear and convincing reason to discount the claimant's testimony. *Molina,* 674 F.3d at 1113. Impairments that can be controlled effectively with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006). And although it cannot serve as the sole ground for rejecting a claimant's symptom testimony, the ALJ may consider whether a claimant's subjective symptoms are supported by objective medical evidence such as physical examinations and test results. *Burch,* 400 F.3d at 681.

In sum, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. While the ALJ erred by finding her regular attendance at pain management appointments undermined her testimony, such error is not harmful. *See Carmickle*, 533 F.3d at 1162 (an ALJ does not commit harmful error by including an erroneous reason among other valid reasons to discount claimant testimony).

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Dr. Cygnar's opinion about non-exertional limitations, articulate how he considered the lay witness testimony, develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 23rd day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 12